Randy J. Harvey, O.S.B. #116714
Email: randy@elpnw.com
Jameson E. Gideon, O.S.B. #202871
Email: jameson@elpnw.com
Patrick G. Conroy O.S.B. # 223806
Email: Patrick@elpnw.com

**EMPLOYMENT LAW PROFESSIONALS NORTHWEST LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff **CHARLES SPITTLES**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CHARLES SPITTLES,**<br><br>        Plaintiff,<br><br>    v.<br><br>**TILLAMOOK FIRE DISTRICT, an Oregon Municipality, AND DARON BEMENT, as an Individual**,<br><br>        Defendant. | Case No. 3:23-cv-380<br><br>**COMPLAINT FOR VIOLATION OF FIRST AND FOURTEENTH AMENDMENTS; RETALIATION ORS §§ 659A.030; 659A.199; AND 659A.203 (b)(A)(B); WAGES; WRONGFUL TERMINATION**<br><br>**Claim: $961,320**<br>**Filing Fee: $402**<br><br>**DEMAND FOR A JURY TRIAL** |

**INTRODUCTION**

1. This is a federal claim for violating Charles Spittles First and Fourteenth Amendment rights under the United States Constitution and 42 U.S.C. § 1983. The

Plaintiff seeks injunctive relief, compensatory damages, and attorneys' fees due to the unlawful retaliation against them for exercising their right to free speech and due process in reporting official misconduct.

2.     Plaintiff also makes Oregon State Law and Common Law Claims under the Court's supplemental jurisdiction.

**PARTIES**

3.     The Plaintiff, Charles Spittles, is a citizen of the United States and a resident of Tillamook, Oregon.

4.     The Defendant(s), Defendant Tillamook Fire District ("Department") is an Oregon municipality, and Daron Bement ("Bement"), the fire chief, is being sued in his individual and official capacity.

**JURISDICTION AND VENUE**

5.     This Court has jurisdiction over this action according to 28 U.S.C. §§ 1331 and 1343(a), as the claims arise under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

6.     This Court has supplemental jurisdiction over the state law and common law claims in this action according to 28 U.S.C. § 1367,

7.     The venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial District.

**FACTS**

8.     Plaintiff filed a government claims notice under ORS 32.750 on June 23, 2022, by U.S. mail and received an acknowledgement of receipt.

9. Plaintiff exhausted all administrative remedies on or about December 28, 2022.

10. Plaintiff has been an employee in good standing with the Tillamook Fire District ("District") for thirty-five years.

11. During Plaintiff's years of employment, he has performed his duties successfully and commendably without disciplinary actions.

12. Due to attempted break-ins at the District, Plaintiff, with the knowledge and affirmation of the Defendant, Chief Daron Bement ("Bement"), installed a video camera in his workspace. The camera was to provide security for the hundreds of thousands of dollars worth of tools and his personal mechanics' tools and monitor department activity.

13. Plaintiff made a good faith report to Bement and the Tillamook Fire District Board members that Alan Christensen ("Christensen") had engaged in unlawful behavior and numerous violations of District Policy.

14. Plaintiff captured firefighter Christensen engaging in a public display of a sexual act when Christensen was caught on video in the fire bay at the fire station masturbating when the District Fire Board held a meeting in an adjacent room.

15. Plaintiff made a good faith report to Defendants that Christensen also exposed his genitalia to an adult female citizen named Annie Bishop in the District parking lot during an executive session of the Fire Board.

16. Plaintiff alleges that Defendants were attempting to silence Plaintiff's good faith report and cover up the conduct of Christensen to prevent public awareness of the firefighter's behavior and the District's concealment of unlawful activity.

17. On information and belief, Defendants failed to make a report to the Oregon District of Public Safety and Standards regarding Christensen's allegedly unlawful conduct and policy violations which led to Christensen's abrupt resignation.

18. Bement ordered Plaintiff to keep silent about Christensen's conduct to avoid embarrassing the Department, even though Christensen was falsely telling others in the District and community that he quit because Plaintiff bullied him.

19. Plaintiff made a good faith report to Tillamook Fire District Board members that Bement was engaged in misconduct by trying to cover up unlawful conduct by Christensen.

20. Bement falsely claimed that Plaintiff disclosed pornographic or sexually explicit material to others.

21. On information and belief, Defendants filed a report with the Tillamook Police Department alleging that Plaintiff unlawfully disclosed sexually explicit videos about Christensen to chill Plaintiff's First Amendment right to disclose information in the public interest.

22. Tillamook County District Attorney chose not to pursue any criminal action due to the Defendants' police report.

23. Based on information and belief, Bement statements to Plaintiff and his refusal to take the video offered to him as Chief by Plaintiff never watched the video, or the partial non-sexually explicit video clip possessed by Captain Burris.

24. The Defendants placed Plaintiff on administrative leave and, after that, terminated.

25. Plaintiff alleges that Defendant's actions were a pretext for unlawful retaliation and attempts by Defendants to suppress reports of misconduct by Christensen and Defendants' action to cover up unlawful conduct in the Department.

26. Defendants took adverse action against Plaintiff in retaliation for his protected speech, which included termination, and filing a false police report to harass Plaintiff.

27. The Plaintiff's exercise of their First Amendment right to free speech was a substantial or motivating factor in the Defendants' decision to take adverse action against the Plaintiff.

28. Defendant's actions violated Plaintiff's First Amendment right to free speech and Fourteenth Amendment right to due process because the Defendants had no actual knowledge of the contents of the alleged sexually explicit video. Bement claimed to have never viewed the video.

29. Plaintiff provided Bement with a copy of the S.D. video footage, which Plaintiff did not watch.

30. On information and belief, Defendant Bement provided the S.D. card to Tillamook Police.

31. The Defendants lacked sufficient evidence to justify depriving Plaintiff of his liberty interest in employment with the District.

## CLAIMS FOR RELIEF

### COUNT 1: VIOLATION OF FIRST AMENDMENT (42 U.S.C. § 1983)

32. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

PAGE 5 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

33. Defendants' actions, as described herein, violated the Plaintiff's First Amendment rights to free speech under the United States Constitution and 42 U.S.C. § 1983.

34. The Plaintiff seeks compensatory damages in an amount to be determined at trial for the loss of wages, benefits, and other financial losses due to the Defendants' violation of the Plaintiff's First Amendment right, but no less than $500,000.

35. The Plaintiff seeks damages for emotional distress, mental anguish, pain and suffering, and harm to his reputation caused by Defendants' actions, but no less than $300,000.

36. Plaintiff seeks punitive damages against Bement (only) for his willful, wanton, and malicious conduct in violating Plaintiff's First Amendment rights and to deter similar behavior in the future.

37. Plaintiff seeks reasonable attorneys' fees and costs according to 42 U.S.C. 1983.

**COUNT 2: VIOLATION OF FOURTEENTH AMENDMENT (42 U.S.C. § 1983)**

38. Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

39. Defendant's actions, as described herein, violated Plaintiff's Fourteenth Amendment rights to due process under the United States Constitution and 42 U.S.C. § 1983.

40. Defendant's appeal process was perfunctory upholding Bement's actions which were based on false information, the administrative appeal process was a "rubber stamp" of Bement's bad acts.

41. As a direct and proximate result of Defendants' violation of Plaintiff's Fourteenth Amendment rights, Plaintiff suffered and continues to suffer damages.

42. The Plaintiff seeks compensatory damages in an amount to be determined at trial for the loss of wages, benefits, and other financial losses due to the Defendants' violation of the Plaintiff's Fourteenth Amendment rights.

43. The Plaintiff seeks damages for emotional distress, mental anguish, pain and suffering, and harm to their reputation caused by the Defendants' actions.

44. The Plaintiff seeks punitive damages against Bement (only) in his individual capacity for his willful, wanton, and malicious conduct in violating the Plaintiff's Fourteenth Amendment rights and to deter similar behavior in the future.

45. In the alternative, Plaintiff is entitled to nominal damages.

46. Plaintiff is entitled to injunctive relief.

47. Plaintiff seeks reasonable attorney fees and costs according to 42 U.S.C. § 1988.

## STATE CLAIMS FOR RELIEF DUE TO RETALIATION

### Count 1

### Retaliation O.R.S. 659A.030

48. Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

49. Plaintiff is a member of a protected class because he engaged in protected activity when making a good-faith report in the public interest about misconduct by public employees.

50. Plaintiff suffered an adverse action when Defendant terminated Plaintiff for his protected activity.

51. Defendants' adverse employment action was directly related to the good faith reports made by Plaintiff.

52. The Department's acts to terminate Plaintiff and harass him are directly and proximately related to the harm that Plaintiff suffered.

53. The Plaintiff is entitled to economic damages for back pay and front pay, according to proof, no less than $500,000.

54. Plaintiff is entitled to non-economic damages according to proof, including emotional distress, pain and suffering, and harm to reputation resulting from retaliation, but no less than $300,000.

55. Plaintiff is entitled to injunctive relief ordering Defendants to cease retaliatory practices against employees who report in good faith.

56. Plaintiff is entitled to the reinstatement of his employment position with back pay and benefits.

57. Plaintiff is entitled to Attorney fees and costs under O.R.S. 659A.885; the prevailing Plaintiff in a discrimination action may recover reasonable attorney fees and expenses associated with litigating the case.

## COUNT 2

### Retaliation O.R.S. 659A.199

58. Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

59. Plaintiff reasserts damages listed in paragraphs 52-56.

PAGE 8 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

///

///

## COUNT 3

### Retaliation ORS 659A.203(b)(A)(B)

60. Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

61. Defendants are a political subdivision according to O.R.S. 659A.203 (a)(A)(B), and Defendants threatened Plaintiff in violation of O.R.S. 659A.(b) with disciplinary action and, after that, terminated Plaintiff to prohibit Plaintiff from disclosing unlawful conduct and policy violations by District personnel to District officers and or the public.

62. Plaintiff reasserts damages listed in paragraphs 52-56 against District.

## STATE CLAIM FOR RELIEF AGAINST DISTRICT

### UNPAID WAGES, O.R.S. §§ 652.140; 652.150

63. Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

64. Plaintiff accrued paid time off during his employment with the District.

65. Plaintiff was not paid the balance of his accrued leave when he was discharged.

66. Plaintiff demanded payment of accrued leave, and more than twelve (12) days after his payment request, Defendant refused payment.

67. Plaintiff is entitled to recover unpaid accrued leave wages for 100 hours at $34.00 per hour, amounting to $3,400.

68. Plaintiff is entitled to recover lost benefits attenuated to wages in an amount to be determined at trial.

69. Plaintiff is entitled to penalty wages of $7,920.00 for thirty days of wages.

70. Plaintiff is entitled to recover reasonable attorney fees and costs according to ORS 652.200.

## Wrongful Termination

71. Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

72. Defendant lacked cause to terminate Plaintiff for reporting unlawful conduct by fellow employees and Bement.

73. Plaintiff had an important societal right as an individual and Mayor of the city of Tillamook to report the wrongdoing of public employees, officials, and managers covering up misconduct and mismanagement.

74. Plaintiff was falsely terminated for disclosing sexually explicit images.

75. Plaintiff was specifically terminated for embarrassing the District by reporting employee misconduct and Bement's misconduct.

76. As a result of Plaintiff's reports and refusal to keep quiet about misconduct, Plaintiff was terminated from his employment.

77. Defendant failed to engage in progressive discipline or consider Plaintiff's twenty-five years of good service to the District when determining to terminate Plaintiff.

78. Plaintiff is entitled to recover damages for back pay and front pay according to proof but no less than $500,000.

PAGE 10 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

79. Plaintiff is entitled to recover damages for loss to his reputation in an amount to be determined at trial but no less than $300,000.

80. Plaintiff is entitled to recover emotional distress damages according to proof but no less than $150,000.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

**Federal Claims, Counts 1 and 2:**

1. Plaintiff is entitled to economic damages for back pay and front pay, according to proof, no less than $500,000;

2. Plaintiff is entitled to non-economic damages according to proof, including emotional distress, pain and suffering, and harm to reputation resulting from retaliation, but no less than $300,000.

3. Plaintiff is entitled to injunctive relief ordering Defendants to cease retaliatory practices against employees who report in good faith.

4. Plaintiff is entitled to reinstatement to his employment position with back pay and benefits.

5. Plaintiff is entitled to Attorney fees and costs under O.R.S. 659A.885; the prevailing Plaintiff in a discrimination action may be awarded reasonable attorney fees and expenses associated with litigating the case.

6. Punitive damages against Bement in his individual capacity, according to proof.

**State Claims for Relief counts 1, 2, 3:**

1. The Plaintiff is entitled to economic damages according to proof, but no less than $500,000.

2. Plaintiff is entitled to non-economic damages according to proof, including emotional distress, pain and suffering, and harm to reputation resulting from retaliation, but no less than $300,000.

3. Plaintiff is entitled to injunctive relief ordering Defendants to cease retaliatory practices against employees who report in good faith.

4. Plaintiff is entitled to the reinstatement of his employment position with back pay and benefits.

5. Plaintiff is entitled to Attorney fees and costs under O.R.S. 659A.885; the prevailing Plaintiff in a discrimination action may be awarded reasonable attorney fees and expenses associated with litigating the case.

**State Claim for Unpaid Wages:**

1. Plaintiff is entitled to $3,400 in unpaid wages ORS 652.140.

2. Plaintiff is entitled to $7,920 in penalty wages ORS 652.150.

3. Plaintiff is entitled to reasonable attorney fees and costs ORS 652.200.

**State Claim for Relief Wrongful Termination:**

1. Plaintiff is entitled to recover damages for back pay and front pay according to proof but no less than $500,000.

2. Plaintiff is entitled to recover damages for loss to his reputation in an amount to be determined at trial but no less than $300,000.

3. Plaintiff is entitled to recover emotional distress damages according to proof but no less than $150,000.

For any and all other claims or remedies determined by the Court.

///

DATED this 16 day of March 2023

Respectfully submitted,

**EMPLOYMENT LAW PROFESSIONALS**

By: <u>/s Randy J. Harvey</u>
Randy J. Harvey, O.S.B. #116714
Email: randy@elpnw.com

Jameson E. Gideon, O.S.B. #202871
Email: jameson@elpnw.com

Patrick G. Conroy, O.S.B. # 223806
Email: patrick@elpnw.com

20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Charles Spittles